UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| OBDULIA ORTIZ, *et al.* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| VS. ) | Civil Action No.  SA-07-CA-645-XR |
| ) | |
| THE GEO GROUP, INC., *et al.* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**ORDER**

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim or Motion for Summary Judgment (Docket No. 8). After considering the parties' briefings and the applicable case law, the Court DENIES Defendants' motion.

**Factual Background**

Plaintiffs bring suit on behalf of Teodulo Ortiz for his alleged wrongful death. On October 2, 2006, Mr. Ortiz was incarcerated in the Frio County Detention Center, which is operated by the GEO Group (GEO) and Correctional Services Corporation (CSC). GEO and CSC have contracted with Physicians Network Association (Physicians Network) to provide healthcare services to inmates at the detention center. Olivia Ramos and Carmen Samaniego are nurses who work at the detention center.

Mr. Ortiz was committed to the Frio County facility after pleading guilty to driving while intoxicated. According to Plaintiffs, upon his arrival at the facility, Mr. Ortiz was observed to be shaking in an uncontrollable manner.

At around 11:15 a.m., Mr. Ortiz was placed in a cell. According to Plaintiffs, prior to incarcerating Mr. Ortiz, Defendants failed to conduct a prisoner intake, screening, or health assessment. Furthermore, once Mr. Ortiz was locked in his cell, Plaintiffs allege Defendants neglected to observe him at regular intervals.

At approximately 2:50 a.m. on the following morning, Mr. Ortiz, apparently as a result of alcohol withdrawal syndrome, fell and struck his head, causing a skull fracture and severe injuries to his brain. These injuries, Plaintiffs state, were the cause of his death.

When called and advised that Mr. Ortiz had fallen and injured himself, Defendant Samaniego, according to Plaintiffs, refused to return to the detention center, advised medical personnel she was not on duty, and hung up. Furthermore, even though Defendant Ramos was on call at the time of the incident, she did not, Plaintiffs contend, answer any calls from the detention center notifying her of Mr. Ortiz's injury.

Plaintiffs aver deliberate indifference on the part of Defendants for failing to properly conduct an intake and health assessment screening, for not placing Mr. Ortiz in a detoxification facility, for not appropriately observing and monitoring Mr. Ortiz, and for not making necessary medical interventions after Mr. Ortiz sustained his injury. Underlying Plaintiffs' deliberate indifference pleadings is the contention that Defendants observed the troubling medical state of Mr. Ortiz, yet refused to take any action to prevent further harm from occurring to him.

In Plaintiffs' complaint, they allege Eighth and Fourteenth Amendment violations under 42 U.S.C. § 1983, along with common law negligence and gross negligence claims, and causes of action brought under the Texas Wrongful Death and Survival Statutes. Defendants responded by denying Plaintiffs' claims and filing a motion to dismiss, or, in the alternative, for summary judgment. The

merits of Defendants' motion are explored below.

## Legal Analysis

In determining the merits of a 12(b)(6) motion to dismiss, the Court must accept "all well-pleaded facts as true and . . . view them in the light most favorable to the plaintiff."[1] Moreover, the Court "may not look beyond the pleadings" in ruling on the motion.[2] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face."[3] In other words,"factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[4]

Defendants assert three reasons for why Plaintiffs' complaint should be dismissed. First, they argue that Physicians Network cannot be held liable under a theory of respondeat superior in a § 1983 action. Second, Defendants contend Plaintiffs have failed to plead sufficient facts to establish deliberate indifference with respect to the medical care, or lack thereof, provided to Mr. Ortiz. Third, Defendants argue they were not acting under color of state law in their acts or omissions pertaining to Mr. Ortiz, and thus, § 1983 is inapplicable.

Starting with the first argument, the parties disagree whether the claims against Physicians Network should be classified as respondeat superior claims. This is important because § 1983 "offers

---

[1] McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

[2] *Id*.

[3] In re Katrina Canal Breaches Litigation 495 F.3d 191, 205 (5th Cir. 2007).

[4] Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1965 (2007).

no respondeat superior liability."[5]

Plaintiffs contend, in part, that Physicians Network's "failure to train and/or supervise their employees . . . including Olivia Ramos and Carmen Samaniego," is the basis on which their § 1983 claim against this Defendant resides.[6] Failure to properly train employees can give rise to § 1983 liability.[7] As the *Pineda* court observed, in order to establish such liability, "plaintiffs must show 1) inadequate training procedures; 2) that inadequate training caused the [employees to act or omit from acting in a way that resulted in the injury complained of]; and 3) the deliberate indifference of [the] policymakers."[8] While Plaintiffs will eventually have to marshal sufficient evidence to support these prongs, the Court is currently considering only a 12(b)(6) motion to dismiss.[9] For this purpose, Plaintiffs need only plead facts which, if true, would suffice "to raise a right to relief above the speculative level."[10] While admittedly a close call, the Court, given the nature of the allegations and the present procedural position of the case, finds Plaintiffs have narrowly met this requirement.

The parties next dispute whether Plaintiffs have pled claims and facts which would give rise to an Eighth Amendment deliberate indifference cause of action against Defendants. In order to

---

[5] Pineda v. City of Houston, 291 F.3d 325, 328 (5th Cir. 2002).

[6] Docket No. 1 at ¶ 21.

[7] *Pineda*, 291 F.3d at 331.

[8] *Id*. at 331-2.

[9] While Defendants style their motion as either a motion to dismiss or a motion for summary judgment, they provide no summary judgment evidence to support why the Court should find no genuine issue of material fact exists as to any of Plaintiffs' claims. Therefore, while the Court is willing to entertain a properly supported motion for summary judgment from either side at the appropriate time, it does not consider this motion to qualify for such consideration.

[10] *Twombly*, 127 S.Ct. at 1965.

establish a constitutional claim for inadequate medical care, Plaintiffs must show that Defendants treated Mr. Ortiz with "deliberate indifference to serious medical needs."[11] "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required."[12]

To meet their burden, Plaintiffs must establish that Defendants knew of and disregarded an excessive risk to Mr. Ortiz's health or safety.[13] One way for Plaintiffs to meet this requirement is by showing that "prison officials refused to treat" Mr. Ortiz, despite awareness of his serious medical needs.[14]

At trial, such a requirement constructs a challenging obstacle for Plaintiffs. Because this is a motion to dismiss, however, we must construe all facts in Plaintiffs' favor. Here, Plaintiffs pled that when Mr. Ortiz was taken into custody, Defendants observed him to be shaking uncontrollably. Despite seeing such directly visible and disturbing behavior, Defendants chose not to provide even a cursory examination, instead, leaving Mr. Ortiz to suffer his fate locked up in a cell where his deteriorating condition went unmonitored. At this stage of litigation, the Court cannot say that Plaintiffs have fallen short of meeting the minimal pleading requirements necessary for their cause of action to proceed.

Third, and finally, Defendants contend that as private contractors employed by the state to provide healthcare services to inmates at the Frio County Detention Center, they were not acting

---

[11] Estelle v. Gamble, 429 US 97, 104 (1976).

[12] Vasquez v. Dretke, 226 Fed.Appx. 338, 340 (5th Cir. 2007).

[13] Farmer v. Brennan, 511 US 825, 837 (1994).

[14] Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

Case 5:07-cv-00645-XR    Document 34    Filed 01/25/08    Page 6 of 7

under color of state law in their acts or omissions pertaining to Mr. Ortiz, and thus, § 1983 is inapplicable to them. The Fifth Circuit, however, has found that:

> private prison-management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury. Clearly, confinement of wrongdoers - though sometimes delegated to private entities - is a fundamentally governmental function. These corporations and their employees are therefore subject to limitations imposed by the Eighth Amendment.[15]

Additionally, the Supreme Court held that a "physician employed by North Carolina to provide medical services to state prison inmates acted under color of state law for purposes of § 1983 when undertaking his duties in treating [an inmate's] injury."[16] As the Court went on to reason, "contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights."[17]

For these reasons, Plaintiffs have properly pled that Defendant healthcare providers acted under color of state law in failing to provide appropriate medical care for Mr. Ortiz.

## Conclusion

After reviewing the case law and arguments of the parties, the Court finds that Plaintiffs 1) have pled a non-respondeat superior claim under 42 U.S.C. § 1983 against Physicians Network, 2) have averred sufficient facts to establish, if true, that Defendants acted with deliberate indifference to Mr. Ortiz's medical care, and 3) have shown that Defendants were acting under color of state law in providing medical care to Mr. Ortiz during his period in custody. For these reasons, Defendants'

---

[15] Rosborough v. Management & Training Corporation, 350 F.3d 459, 461 (5th Cir. 2003).

[16] West v. Atkins, 487 US 42, 54 (1988).

[17] *Id*. at 56.

Motion to Dismiss for Failure to State a Claim or Motion for Summary Judgment (Docket No. 8) is DENIED.

It is so ORDERED.

SIGNED this 25th day of January, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE